UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIKES ROOF TILE LLC, a/a/o Marilyn
Soubirou

       Plaintiff,

v.                            Case No.:  2:19-cv-733-FtM-38MRM

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

       Defendant.

_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Hartford Insurance Company of the Midwest's Notice of Removal (Doc. 1). Mikes Roof Tile LLC sued Hartford in state court as the assignee of Marilyn Soubirou. Hartford cites diversity as the basis for this Court's jurisdiction.

A defendant may remove a civil action from state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "A removing defendant bears the burden of

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "To meet their burden, the defendants must show that the plaintiffs' complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure Outdoors, Inv. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008).

Diversity jurisdiction requires complete diversity of citizenship among the opposing parties and an amount in controversy exceeding $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Here, the diversity of citizenship is uncertain because Hartford has not sufficiently pled Mikes Roof Tile LLC's citizenship.

Hartford relies on Mikes Roof Tile's allegation that it "is a Florida limited liability company, authorized to conduct and was in fact conducting business in Collier County, Florida." (Doc. 1-1 at 1). But "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, Hartford must show that every member of Mikes Roof Tile is diverse from Hartford. *See. Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (stating that citizenship is determined by domicile, not necessarily residence). Because the Court has no information on the domiciles of Mikes Roof Tile's members, Hartford has not adequately pleaded diversity of jurisdiction.

Accordingly, it is now

**ORDERED:**

Defendant Hartford Insurance Company of the Midwest must **SUPPLEMENT** the Notice of Removal on or before **October 24, 2019**, to show cause why this case should

not be remanded for lack of subject matter jurisdiction.  **If Hartford fails to comply, the Court will remand this case without further notice.**

  **DONE** and **ORDERED** in Fort Myers, Florida this 10th day of October, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record